IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWAYNE EVANS, | § | |
| | § | |
| Defendant Below, | § | No. 3, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1206024952 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  February 2, 2015
Decided:    February 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of February 2015, it appears to the Court that:

(1)    The appellant, Dwayne Evans, filed this appeal from the Superior Court's denial of his motion to amend his first motion for postconviction relief. The State of Delaware has filed a motion to dismiss the appeal as interlocutory[1] or, in the alternative, to affirm the judgment below on the ground that it is manifest on the face of Evans' opening brief that his appeal is without merit.[2]  We agree that the appeal is interlocutory and must be dismissed.

---

[1] Supr. Ct. R. 29(b).

[2] Supr. Ct. R. 25(a).

(2)     The record reflects that, in June 2013, Evans pled guilty to Murder in the Second Degree.  Evans was sentenced to life imprisonment, suspended after twenty-five years for decreasing levels of supervision.  Evans did not appeal his conviction or sentence.

(3)     On June 26, 2014, Evans filed his first motion for postconviction relief.  The Superior Court summarily dismissed the motion on August 21, 2014.  Evans did not appeal the Superior Court's order.  On September 26, 2014, Evans attempted to file a second motion for postconviction relief, but the motion was returned to him under Superior Court Criminal 61(c)(1) because, among other things, it did not contain his original signature.

(4)     On November 18, 2014, Evans filed a motion to amend his first motion for postconviction relief, claiming he was entitled to appointment of counsel.  The Superior Court denied the motion as untimely and held it would not appoint counsel.  This appeal followed.  Evans filed his opening brief and the State moved to dismiss the appeal as interlocutory or, in the alternative, to affirm the judgment below.

(5)     Under the Delaware Constitution, only a final judgment may be reviewed by this Court in a criminal case.[3]  This Court has no jurisdiction to hear

_____

[3] Del. Const. art. IV, § 11(1)(b).

2

an appeal from an interlocutory order in a criminal case.[4]  The Superior Court's order denying Evans' motion to amend his first motion for postconviction relief is interlocutory.[5]  Because this Court has no jurisdiction to hear an appeal from an interlocutory order in a criminal case, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED and the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[4] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997).

[5] *See, e.g.*, *Raymond v. State*, 2013 WL 56144, at *1 n.3 (Del. Jan. 3, 2013) (refusing to address arguments presented in connection with interlocutory order denying motion to amend postconviction motion).